UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SHELLEY JOHNSON HURLEY ET AL** | **CASE NO. 2:22-CV-03130** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WRIGHT NATIONAL FLOOD INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Wright National Flood Insurance Company's Motion to Dismiss Extracontractual Claims, Various Claims for Damages, Attorney's Fees, Costs of Litigation and Claims for Interest" (Doc. 7).

## INTRODUCTION

This lawsuit involves alleged flood damage as a result of Hurricane Delta, which made landfall near Lake Charles, Louisiana on October 9, 2020.[1] Defendant Wright National Flood Insurance Company ("Wright"), while acting in its capacity as a WYO Program carrier, issued a Standard Flood Insurance Policy ("SFIP") to Plaintiffs during the relevant time period.[2] Plaintiffs allege that Wright breached the policy and that they are entitled to recover damages.[3]

Plaintiffs are seeking to recover state law claims for bad faith, extracontractual claims for bad faith, including claims pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973, claims for diminution in value, actual repair costs, reimbursement for

---
[1] Doc. 1, ¶ 8.
[2] Defendant's exhibit 1.
[3] Doc. 1, ¶¶ 27-37.

personal repairs, additional living/loss of use expenses, damages for mental anguish, penalties, attorney's fees, other professional fees, litigation costs and interest.

Wright moves to dismiss Plaintiffs' extracontractual state law causes of actions for bad faith, and various claims for damages, other than the damages sought for the alleged breach of the SFIP (i.e. the cost to repair or replace property damaged by direct physical loss by or from flood, debris removal, loss avoidance measures and increased cost of compliance),[4] attorney fees, costs of litigation and general and equitable relief.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[4] See Doc. 7, p. 3.

(2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## **LAW AND ANALYSIS**

Congress created the National Flood Insurance Program ("NFIP") pursuant to the NFIA, 42 U.S.C. § 4001, *et seq. Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 598–600 (4th Cir. 2002) (discussing history and organization of the NFIP). The Administrator of the Federal Emergency Management Agency ("FEMA") is charged with overseeing and implementing the NFIP. Id. Additionally, the Administrator of FEMA is statutorily authorized to promulgate regulations "for general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage." 42 U.S.C. § 4013. The regulations also prescribe the methods by which approved losses under the NFIP may be adjusted and paid. 42 U.S.C. § 4019. Pursuant to FEMA regulations, "all policies issued under the NFIP must be issued using the terms and conditions of the [SFIP] found in 44 C.F.R. Part 61, Appendix A." *Battle*, 288 F.3d at 599 (citing 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c)).

In 1983, under the Write-Your-Own ("WYO") Program, the Administrator of FEMA authorized the SFIP to be issued by private insurance companies, commonly referred to as WYO Program carriers (*e.g.* Wright). 42 U.S.C. § 4071(a)(1). WYO Program carriers issuing flood insurance under the NFIP arrange for the adjustment, settlement, payment, and defense of all claims arising from the policy. 44 C.F.R. § 62.23(d) (2020). Congress underwrites all operations of the NFIP, including claims adjustment, through

United States Treasury funds. 42 U.S.C. § 4017(d)(1). The federal government pays all flood insurance claims and reimburses WYO Program carriers their costs, including defense costs, for the adjustment and payment of claims. *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012) (citing *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009)); see 44 C.F.R. § 62.23(i) (2020).

Congress has conferred "rule-making power upon the agency created for carrying out its policy" to FEMA. 42 U.S.C. §§ 4013, 4017, 4019. Congress statutorily authorized FEMA to enter into arrangements with private insurance companies that operate as the "fiscal agent of the United States." 42 U.S.C. § 4071(a)(1). In effect, a suit against a WYO Program carrier is the functional equivalent of a suit against FEMA. *Van Holt v. Liberty Mut. Ins. Co.*, 163 F.3d 161, 166–67 (3d Cir. 1998); see *Shuford v. Fidelity Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007). Thus, a judgment against a WYO Program carrier constitutes a judgment against FEMA, and consequently, a direct charge on the United States Treasury. *Shuford*, 508 F.3d at 1343; Van Holt, 163 F.3d at 167.

Federal law governs the interpretation of the provisions of the SFIP. Article IX of the SFIP provides:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. [§] 4001, et seq.), and Federal common law.

44 C.F.R. pt. 61, app. A(1), art. IX (2020). As the U.S. Court of Appeals for the Fifth Circuit has stated:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal

government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978).

In their opposition, Plaintiffs concede that their bad faith, general damages and attorney fee claims are preempted by federal law, and that they have no viable claim for additional living expenses. As such, Plaintiffs oppose only the dismissal of pre-judgment interest, which they maintain is recoverable against Wright. Plaintiffs cite *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 129 F.Supp.2d 1024 (S.D. Tex. 2001), which in turn relied on *West v. Harris*, 573 F.2d 873, 883-84 (5th Cir. 1978), wherein the Fifth Circuit held:

> The National Flood Insurance Act was intended in part to make insurance with adequate limits of coverage available to persons for flood losses. 42 U.S.C.A. s 4002(a)(5), (6). The damages recoverable are pecuniary in nature, not personal, and the amount is based upon the readily ascertainable value of services and property. Fair compensation to the plaintiff for his loss covered by the insurance policy issued by the defendant can only be achieved by including the award of prejudgment interest as a mandatory element of damages. See *Louisiana & Arkansas Railway Co. v. Export Drum Co.*, 359 F.2d 311, 317 (5th Cir. 1966). On remand the district court should award Mr. West interest from the date payment was due under the policy provisions. As a matter of convenience and practicality, the amount of interest should be determined at the rate allowed by the law of the forum state. See *Louisiana & Arkansas Railway Co. v. Export Drum Co.*, 359 F.2d at 317. (emphasis added).

However, since 1978, the NIFP has been operated in accordance with Part B of the NFIA (42 U.S.C. § § 4071-72); *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987). Under Part B, all claims are ultimately paid with United States Treasury funds. *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012). The significance of this

distinction was noted by the Court of Appeals for the Fifth Circuit, which stated that "'[a]lthough it was appropriate to award interest on flood insurance policies issued by the private insurers under Part A of the [NFIA], such an award, which would now be a direct charge on the public treasury, is no longer possible without express congressional consent.'" *Bercier v. Bernard*, 2010 WL 4938657, at *5 (W.D. La. Nov. 29, 2010) (quoting *Lee*, 812 F.2d at 255-56). The court reversed the prejudgment interest award against FEMA, finding that the NFIA provided only a limited waiver of sovereign immunity that could not be construed "as an express direction from Congress permitting interest awards on flood insurance claims." *Lee*, 812 F.2d at 256.

While a lawsuit against a WYO company is not an action against the federal government,'" claim payments come out of FEMA's pocket regardless of how they are paid,'" making "'the line between a WYO company and FEMA . . . to thin to matter for the purposes of federal immunities such as the no-interest rule . . . .'"*Bercier v. Bernard*, 2010 WL 4938657, at *5 (W.D. La. Nov. 29, 2010). The *Bercier* court held that an award of interest against a WYO company was "precluded by the no-interest rule because it [was] a direct charge on the federal treasury." *Id.;* see *Nichols v. Wright Nat'l Flood Ins. Co.*, 2019 WL 639170, at *4 (W.D. La. Jan. 16, 2019) (holding that the no-interest rule precluded an award against a WYO company).

The Court agrees with Defendant, that Plaintiffs cannot recover prejudgment interest.

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss Extracontractual Claims, Various Claims for Damages, Attorney's Fees, Costs of Litigation and Claims for Interest (Doc. 7) will be granted, dismissing with prejudice all claims alleged by Plaintiffs, except the claim for breach of the Standard Flood Insurance Policy.

**THUS DONE AND SIGNED** in Chambers on this 8th day of November, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**